IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| AARON EVANS #2045465 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv187 |
| DIRECTOR BOBBY LUMPKIN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Aaron Evans, an inmate of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in the TDCJ's Coffield Unit. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff alleges Eighth Amendment violations including excessive force and the denial of medical care and seeks, in addition to unspecified compensatory and punitive damages, a declaration that Defendants violated his Eighth Amendment rights and "an injunction requiring that restraining order from being retaliated against and a preliminary to ensure that he received proper medical care." (Dkt. #13 at 5–6.) Defendants—Lt. John Ellis, Sgt. Robinson, Major Ragsdale, and Sgt. Henry—moved to dismiss Plaintiff's claims for declaratory and injunctive relief for lack of jurisdiction and to dismiss his claims against Defendant Ragsdale for failure to state a claim upon which relief can be granted. (Dkt. #20.) Plaintiff responded in opposition to the motion, which is fully briefed and ripe for review. (Dkt. #22.) For the reasons explained below, the undersigned recommends that the motion be granted and that those claims be dismissed.

## I. Plaintiff's Claims

In his amended complaint, Plaintiff alleges that Sgt. Henry refused to provide his wing of the prison with food, water, or access to showers on the evening of January 27, 2022. (Dkt. #13 at 5.) Inmates on the wing sought help from Sgt. Robinson, who called Lt. Ellis to the scene. Several inmates spoke to Ellis and told him that they had not been fed and had not showered or had any water that day. "Ellis got mad at plaintiff for complaining and sprayed him directly in [the] face and right eye with chemical agents." (*Id.*) Plaintiff asked Ellis, Henry, and Robinson to go to the infirmary for medical attention, but they denied his request. (*Id.*)

A short time later, Ellis and Henry returned to Plaintiff's cell, and Ellis used a hose to spray Plaintiff's cell and several others, saying "there are y'all showers." (*Id.*) After hosing down the cells, Ellis directed that the power be shut off and that all the windows be opened despite the freezing conditions. (*Id.*)

Plaintiff alleges that Major Ragsdale "allowed" the alleged behavior by Ellis, Henry, and Robinson. He says he still has daily headaches and occasionally suffers severe headaches and loses his vision as a result of injuries sustained that day. (*Id.*)

Plaintiff sues Ellis, Robinson, Ragsdale, and Henry and seeks: (1) a declaration that Ellis violated his Eighth Amendment rights in connection with Plaintiff's being "severely assaulted"; (2) a declaration that Defendants violated Plaintiff's Eighth Amendment right to medical care; (3) an injunction to prevent retaliation against Plaintiff and ensure that he receives proper medical care; and (4) unspecified compensatory and punitive damages and such other relief as may be proper. (*Id.* at 5–6.)

**II. Defendants' Motion to Dismiss**

Defendants move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. (Dkt. #20.) First, they assert that Plaintiff's claims for injunctive and declaratory relief should be dismissed under Rule 12(b)(1) for lack of standing because Plaintiff cannot demonstrate any continuing injury, and because Defendants are unable to provide medical care, particularly since Plaintiff has been transferred to another prison. (*Id.* at 2–3.)

Defendants also assert under Rule 12(b)(6) that Plaintiff fails to state a claim against Defendant Ragsdale because Ragsdale was not personally involved in the alleged constitutional violations. (*Id.* at 4–5.)

**III. Plaintiff's Response**

In a one-page response, Plaintiff simply insists that his claim has merit and that Defendants violated his constitutional rights. (Dkt. #22.) He says he asked for medical assistance on the day of the incident, but medical staff "showed up 20 days later requesting injury report." (*Id.*) He also clarifies that he seeks punitive and compensatory damages "in the amount of (100,000) – 1.8 million." (*Id.*)

**IV. Legal Standards**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). The Rules require the court to dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Claims barred by the invocation of sovereign

immunity "can be dismissed only under Rule 12(b)(1)." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th

4

Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, 2012 WL 5419531 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

**V. Discussion and Analysis**

Defendants assert that Plaintiff's claims for declaratory and injunctive relief must be dismissed for lack of Article III standing because he does not allege any continuing or future violation.[1] (Dkt. #20 at 2–3.) Fifth Circuit precedent supports that position:

> "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a

---

[1] Although it is not material to the outcome of their motion, the Court notes that Defendants state that "injunctive and declaratory relief 'cannot conceivably remedy any past wrong.'" (Dkt. #20 at 3.) They purport to quote *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983), for that point, and indicate that *Lyons* itself was quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 3, 108 (1998)). (*Id*.) But the language in question is not on the cited page of *Lyons* or anywhere else in *Lyons*, and neither is any citation of the *Steel Co*. opinion. The Defendants' misattributed quotation appears actually to come from *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019), which did cite *Steel Co*. as support.

> plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "To obtain [declaratory] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.*

*Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019) (dismissing claim for declaratory judgment and allowing excessive-force claim to proceed).

Moreover, Defendants correctly point out that they are not in a position to provide any medical care to Plaintiff, particularly in light of his intervening transfer to another prison. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("Herman's transfer from [one prison to another] rendered his claims for declaratory and injunctive relief moot."). And Plaintiff has not alleged facts demonstrating that he is or will be the victim of retaliation. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). ("To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."). Plaintiff's claims for declaratory and injunctive relief should, therefore, be dismissed.

Defendants are also correct with regard to Plaintiff's claim against Ragsdale. Plaintiff's only mention of Ragsdale in the body of his amended complaint is that Ragsdale "allowed defendants Ellis, Henry, and Robinson" to engage in excessive force. (Dkt. #13 at 5.) He does not allege that Ragsdale was present for the incidents described or that Ragsdale was contemporaneously aware of or otherwise condoned the alleged actions by the other Defendants.

It appears that Plaintiff sues Ragsdale simply because he believes Ragsdale to be responsible for the actions of prison staff by virtue of holding a supervisory position within the TDCJ. But lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of respondeat superior, which does not generally apply in Section

1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable under Section 1983 only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff does not allege those circumstances here.

Defendants clearly raised the issue of Ragsdale's lack of personal involvement in their motion to dismiss (Dkt. #20 at 4–5), and Plaintiff did not assert in his response any specific actions or inactions that would make Ragsdale liable. (Dkt. #22.) Plaintiff thus fails to state a claim for any relief against Ragsdale.

RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion to dismiss (Dkt. #20) be **GRANTED.** Plaintiff's claims for declaratory and injunctive relief should be **DISMISSED** under Rule 12(b)(1), and Plaintiff's claims against Defendant Ragsdale should be **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 19th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE