UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00187

**Aaron Evans,**
*Plaintiff,*

v.

**Director Bobby Lumpkin et al.,**
*Defendants.*

# ORDER

Plaintiff Aaron Evans, an inmate proceeding pro se, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983 alleging an excessive use of force and subsequent denial of medical care in prison. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b).

On August 2, 2022, defendants Ellis, Henry, Ragsdale, and Robinson moved to dismiss plaintiff's claims for declaratory and injunctive relief for lack of standing. Doc. 20. They also moved to dismiss the claims against Ragsdale for failure to state a claim upon which relief can be granted. *Id.* On December 19, 2022, the magistrate judge issued a report recommending that the motion be granted in all respects. Doc. 24. A copy of the report was sent to plaintiff, who has filed written objections. Doc. 26.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal of the plaintiff's claims for declaratory and injunctive relief because his transfer to another prison has made those claims moot, depriving him of Article III standing to pursue such relief. Doc. 24 at 5–6. Plaintiff appears to concede that point, acknowledging that he has been transferred and stating that he is "still seeking punitive and compensatory damages." Doc. 26 at 1.

The magistrate judge also recommended dismissal of all claims against Ragsdale because plaintiff does not allege facts showing that Ragsdale was personally involved in the alleged excessive force or denial of medical care. Doc. 24 at 6–7. Plaintiff's objection to that recommendation is not persuasive. He asserts that Ragsdale came to his cell days after the incident, "knowing what transpired," and asked plaintiff if he was okay. Doc. 26 at 1. But, for the reasons explained by the magistrate judge, a supervisor's after-the-fact knowledge of an incident does not make him liable for the incident, and plaintiff does not suggest that Ragsdale had any role in plaintiff's access to medical care or lack thereof. An inquiry about a prisoner's wellbeing does not violate his constitutional rights. The magistrate judge's finding that plaintiff fails to establish Ragsdale's personal involvement in any constitutional violation is correct.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court grants defendants' motion to dismiss (Doc. 20) and dismisses plaintiff's claims for declaratory and injunctive relief for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The court also dismisses all claims against Ragsdale for failure to state a claim for which relief can be granted under Rule 12(b)(6).

*So ordered by the court on January 18, 2023.*

J. CAMPBELL BARKER
United States District Judge